91 F.3d 143
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James A. BARTON, Petitioner-Appellant,
v.
Terry L. MORRIS, Warden, Respondent-Appellee.
 No. 95-3848.
 United States Court of Appeals, Sixth Circuit.
 July 19, 1996.
 
 Before: DAUGHTREY and MOORE, Circuit Judges, and FORESTER, District Judge.*
 PER CURIAM.
 
 
 1
 The petitioner, James A. Barton, appeals the denial of his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. He contends that the district court erred in failing to grant relief on the basis of five issues raised in his petition, which alleges: (1) that he was convicted in an Ohio state court on the basis of insufficient evidence; (2) that he received the ineffective assistance of counsel at trial; (3) that his right of confrontation was violated through the admission of hearsay statements made by the child victim; (4) that application of Ohio's "plain error" rule deprived him of due process on appeal; and (5) that the cumulative effect of all these errors was sufficient to violate his right to a fair trial. The district court's decision was based on a lengthy and detailed opinion by the magistrate judge to whom the district judge referred the case for a report and recommendation. The magistrate judge found no basis on which to grant relief. After careful study of the record and the magistrate judge's findings of fact and conclusions of law, we likewise conclude that there is no basis for overturning the state conviction in this case.
 
 
 2
 Moreover, in view of the extensive opinion by the magistrate judge, as endorsed by the district court, we think there is little to be gained from another lengthy reiteration of the facts and the holdings in this matter. Put briefly, the record shows that Barton was convicted of felonious assault and endangering a child in the scalding of three-year-old Billy Howell, the son of Barton's live-in girlfriend, Laura Howell. Billy suffered second-degree burns over 31 percent of his body, including his head, neck, shoulders, back, buttocks, and left leg. Barton testified that the child had been burned when he left Billy in the shower to get some clean towels and clothes, possibly from the flushing of a toilet elsewhere in the apartment complex, and that the incident was an accident. The state adduced proof to show that Barton was mad at Billy for wetting his pants on the way to the babysitter's house and had held the child in the hot water, probably as a punitive measure. For the reasons set out in detail by the magistrate judge, we conclude that the evidence was legally sufficient to sustain the jury's verdict and the resulting conviction.
 
 
 3
 Billy's mother was the first person to see him after the scalding incident. He reported to her that the petitioner was responsible for his injuries, within an hour or so after they were inflicted. A social worker at the hospital to which Billy was transported also testified about statements, incriminating the petitioner, made by the child as he lay crying and in considerable pain on a hospital gurney. Testimony from both these witnesses was ruled admissible by the trial judge under the "excited utterance" exception to the hearsay rule. Given the Supreme Court's opinion in White v. Illinois, 502 U.S. 346, 357-58 (1992), and for the reasons developed by the magistrate judge, we find no constitutional error in the introduction of this testimony.
 
 
 4
 Another hospital social worker testified about bruises on the child's buttocks when he was brought to the emergency room two months earlier, following an incident in which the petitioner also claimed that the injuries suffered by the child had been inflicted accidentally, this time by falling in the shower area of a swimming pool. Defense counsel initially objected to this testimony, on "other crimes" grounds, but later withdrew his objection for tactical reasons--apparently so that he could argue to the jury that Barton was leery of making another trip to the hospital on the morning that Billy was scalded for fear that he would be wrongfully accused of child abuse, as he had been on the prior occasion. Similarly, defense counsel made other tactical decisions with regard to cross-examination of state witnesses that Barton would now have us second-guess, by holding that trial counsel rendered ineffective assistance. We have reviewed each of his complaints and, again, for the reasons stated in the magistrate judge's report, find that none of them meets the standards set out in Strickland v. Washington, 466 U.S. 668 (1984), for the granting of relief on collateral attack against a state judgment.
 
 
 5
 Nor do we believe that counsel's failure to object to certain statements made by the state prosecutor in closing argument constituted the ineffective assistance of counsel. Contrary to the petitioner's current contentions, those comments did not amount to prosecutorial misconduct and would not have provided the basis for action by the trial judge, even if an objection to them had been lodged by defense counsel. For the reasons set out in the magistrate judge's report, we decline to overturn the district court's judgment on the basis of counsel's conduct at trial. As to this claim and each of the other matters specified in the petition, Barton is unable to satisfy the requirements of Strickland by demonstrating both prejudice and the likelihood of a different outcome but for that prejudice. Strickland, 466 U.S. at 691-94.
 
 
 6
 With regard to the petitioner's claim that he was deprived of the right to a meaningful appeal by the invocation of Ohio's plain error rule, we note, as did the magistrate judge, that Ohio's formulation of the rule is similar to the federal plain error rule, which is well-established in our jurisprudence and which the Supreme Court has repeatedly upheld. We concur in the magistrate judge's analysis and ruling on this point.
 
 
 7
 Obviously, having found no constitutional errors based on the specific claims brought by the petitioner, we are unable to say that the cumulative effect of decisions made in the Ohio trial and appeals courts violated the petitioner's right to due process. We therefore AFFIRM the judgment of the district court.
 
 
 
 *
 The Hon. Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation